The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and times will be as allotted to counsel. The first case today is Carver Graham v. Merrick B. Garland, appeal number 20-1653. Attorney Fleming, please introduce yourself for the record and proceed with your argument. Good morning and may it please the Court, Mark Fleming on behalf of the petitioner, Mr. Carver Graham. Good morning, Mr. Fleming. Good morning, Your Honor. With your permission, I would reserve two minutes for rebuttal. Yes. Thank you. The BIA ruled that res judicata doesn't apply in removal proceedings. The government's brief does not defend that ruling and it can't do so for the first time at oral argument today. The government's silence is well advised because as the Sixth Circuit explained, the BIA's position is contrary to the statute, which nowhere alters the established common law rule of res judicata and claim preclusion. The government instead tries to assert an alternative ground of affirmance, namely that the second proceeding in this case was really just a continuation of the first proceeding. We think that's wrong, but in any event, it's not a permissible argument under Chenery and this Court's precedent, which holds that the Court must judge the propriety of an agency action solely by the grounds invoked by the agency. The government's position would at the very least need to be addressed in the first instance by the agency, which hasn't passed upon it, so there would need to be a vacator and remand at the very least. While the Court can't affirm on an alternative ground, we think this is the rare case where the Court could find there is only one reasonable conclusion, which is that the proceeding is barred by res judicata and reversal outright is appropriate. Let me explain why. The key points are undisputed. The first proceeding was terminated in Mr. Graham's favor. The government didn't appeal. It didn't move to reopen, and the IJ didn't formally certify the case to the board and couldn't have. Certification is a specific regulatory process with specific requirements. It requires an unusually complex or novel question of law or fact. That's 8 CFR 1240.1A2. It can't be done implicitly, as the Attorney General stated in Matter of Jean, which we cite, and the government admits that the requirements of certification are set out in 8 CFR 1003.7. There has to be a notice of certification informing the parties that they have the right to make representations before the board. If either party wishes to submit a brief, they file it with the IJ, not with the board, but with the immigration judge. The IJ then transfers the case, including the brief, to the BIA, and then the BIA has to decide whether to accept the certified case for review, very similar to 1292B certification in this Court. If the BIA declines to accept the case for review, the IJ's ruling becomes automatically final. Judge Thompson, I can hear you fine, to the extent that's useful. That's always useful, Counselor, but we've got to get Judge Barron back. Judge Thompson, I'm going to just freeze my video. Can you hear me? Yes, we can hear you. Okay, I'm just going to turn my video off. I apologize, but I think it'll just work better. I can hear everyone fine, if you can hear me. Yes. Do you want to switch back to your iPad? I'm not sure. I think it's the internet connection in the house, in all honesty. Okay. All right. I'll just check in with him after each speaker is finished to make sure he's still connected, since we can't see him. Okay. Thanks, Judge. Okay, thank you. We didn't talk about this, Mr. Toomey, but I assume you're keeping time. I am, Judge, and I've informed Counsel how that works. Okay, great. Thank you. Okay, Mr. Fleming, I was saying that suppose they certified, even if improperly, does it mean that the matter was still pending? I mean, how would you have us decide that? So, if the court reaches that, we would say an invalid certification is essentially no certification at all, just like if there had been an improper, an untimely notice of appeal, for instance. The Board of Immigration Appeals would have erred in law and violated its own regulations by continuing to hear the case after that, and so the petition for review would have been granted and the case terminated. HCFR 1003.39 says that it's only by certification or by appeal, which have to be a valid appeal under the regulations, that prevent the IJ's ruling from becoming final, and because there was no valid appeal and no valid certification in this case, further proceedings were improper because the IJ's ruling became the final ruling of the agency. Well, this is Judge Dyke. It seems to me that under 1240.10e that new charges can be filed while the proceeding continues, and that the regulations also suggest that the proceeding remains pending until the time for appeal expires or an appeal is taken, which is 30 days. So the filing here with the BIA was within that 30-day period, correct? The filing of a motion to remand happened within the 30 days, but the new charges were not amended until the case went back to the IJ several years later, after the BIA had, we think improperly, granted the motion to remand. Had the government filed a notice of appeal within 30 days, this would be a different story, and it's true. Unless they filed the charges during, at the same time that they filed with the BIA, if they filed charges with the IJ, those would have been timed, right? I don't think so, not after the case had been terminated. I suppose they could have moved to reopen the terminated case, and then the IJ could have exercised her discretion to decide whether to allow it, but once the case... It doesn't remain, the proceeding doesn't continue for 30 days after the initial decision during the appeal period? Not unless there is an appeal or a valid certification, no, Your Honor. And the regulations are clear that, as Your Honor quoted, new charges can be added during proceedings, but they don't say... About five minutes remaining. Thank you, Mr. Toomey. It doesn't say they can be done after the termination, the proceeding is terminated, and no appeal has been taken. Had the government wished to do this, it could simply have... It could either have appealed, or it could have filed a motion to reopen. But after Section 1003.39, it says that the decision of the IJ becomes final when the time for appeal has expired, so the termination doesn't become final for 30 days. Wouldn't that be correct? That is true, but in this case, there was no appeal filed, so termination did become final after 30 days. And the BIA's action two years after that to grant a remand, to which Mr. Graham had objected all along as improper, was an error of law. That's why we think the court can simply reverse outright. But Judge Dyke, if you disagree with me on this, then these are points that the of course, under Chenery, we're here to review only the grounds on which the agency relied, and the agency's sole ground for relying on this was they think res judicata doesn't apply at all to removal proceedings, and that's clearly wrong, and the government doesn't defend that. So we think to the extent there's any doubt in the court's mind as to the right procedural disposition, it needs to go back to the agency in order to hash this out and figure out whether they think there was a proper certification, or there was a proper appeal, or the motion for remand was good enough for government work, and if we disagree with what they say, then likely we'll be back here. But there's no basis to affirm on the alternative ground that the government is offering. Unless the court has further questions on this, I turn to our alternative argument, if I may. Mr. Fleming, can you hear me? Yes, I can, Your Honor. You said that the certification was invalid if there was a certification. Why is that? Well, a number of reasons, Your Honor. First of all, a certification requires under HCFR 1240.1A2 an unusually complex or novel question of law or fact. The government never pointed to one, the immigration judge didn't point to one, there was none. Certification requires specific procedures. The IJ needs to notify the parties under HCFR 1003.7 that if they wish to file a brief on the certified issue, the brief gets filed with the IJ, and then the IJ transfers the entire case up to the BIA. That didn't happen. Then the BIA has to formally decide whether to take the case on certification. On that point, what did not happen? No notice was provided? Correct. There was no notice, and the briefing proceeded in the BIA on the government's filed motion to remand. There was no suggestion that there was an issue on which the parties would file briefs with the IJ that would then go to the BIA. Last question on this before you move on to the next issue, which is just if I disagreed with you that there was no certification, and I disagreed with you that if there was a certification, it was invalid, your position seems to be that we'd still have to remand because the, but I just don't, my problem with that is that if a necessary premise of your petition is that there was two proceedings, and you haven't shown that there were, why wouldn't we just deny that that ground for the petition on the ground that the premise of your ground for petitioning is wrong? Because your honor of Chenery and this court's decision very recently in Cuesta Rojas and numerous other cases that a reviewing court does not affirm the decision of an agency except on the grounds that the agency relied on, and here the agency did not decide there was a certification, they didn't decide that the certification was valid, they simply said we don't have to worry about that. The reason why that's a little bit puzzling though is that the BIA accepted the transfer of the record and sent it back to the IJ, so it's somewhat odd to read the BIA as not having treated it as a regularly procedurally valid thing to do, as you're suggesting. In other words, one view of what you're saying is we never get to the race judicata question in any event, because either it's a violation of the regs or it's in conformity with the regs. If it's in conformity with the regs, there's no race judicata problem. If it's in violation of the regs, there's no reason to reach the race judicata issue. Isn't that right? Well, I think the BIA would say, and this is what their decision was, is that rest judicata doesn't apply in removal proceedings at all. So even if there was... One way to read that is at least when it's valid to send it back under the regs, and if it is valid to send it back under the regs, then you're not even disagreeing with that, because then it's just one proceeding. That's what seems odd about the way this... So when one looks at the BIA decision on addendum four to the blue brief, they nowhere use the word certification. They do not say that this is one single proceeding. That is an argument the government has put before you, but it is not the ground of the BIA. They don't say it's two proceedings at any point. They don't reach that at all, Your Honor, because they think it's immaterial because of their legal error, which is that rest judicata doesn't apply in removal proceedings. That's what we're appealing, and we think that is wrong. You may finish your answer. I'm sorry. Yeah. I'm happy to finish. Yeah, please finish. So if you look at page four, the last full paragraph in the center of the page, the only reason for the rejection of our rest judicata argument was reliance on matter of hasso arangure, which was the decision reversed as erroneous as a matter of law by the Sixth Circuit. There was no suggestion in the BIA's findings anywhere that they engaged with any of these questions that we are now discussing as to at all or whether that certification was valid under the regulations. That would be something that this court would be deciding for the first time, which Chenery, Cuesta-Ropas, INS v. Ventura, and numerous other cases say is not appropriate. So we respectfully submit the petition for review should be granted, and the case should be sent back to the board. With the court's permission, I just have one. I'm sorry. I just wanted you to briefly address the Hashmi issue and the question of whether, when exactly you're locating as the error in that regard. Absolutely, Your Honor. So this court said last year in Lee v. Barr that an IJ is required to consider the likelihood of a petitioner's ultimate gaining of adjustment of status in deciding whether to continue proceedings. There were numerous Hashmi factors that the IJ and the BIA simply ignored. They ignored what the agency itself has described as the focus of the inquiry, which is whether Mr. Graham's adjustment application will be granted. He has a very strong case. His convictions were nonviolent. They happened 23 years ago. He's fully rehabilitated. He's had no convictions since then. He's certainly not a threat to national security. His U.S. citizen mother would suffer extreme hardship if he's removed. She depends on him. She's a diabetic. She's an amputee. He is a productive community member, and the IJ and the BIA did not mention any of this in their analysis. They also didn't consider whether the visa petition is prima facie approvable, which it clearly is as is best shown by the fact that it has now been approved. It was approved in January of this year. The IJ also did not consider his statutory eligibility for adjustment if he gets the continuance. If he gets the continuance and his visa number comes up, then he will be eligible for the 212H waiver, and he'll also be statutorily eligible for adjustment of status, and he has a very strong case for both. So this is like we would submit the Second Circuit's decision in Diarragao versus Barr, which we cite in our opening brief, where the Second Circuit held that the BIA committed a legal error by failing to evaluate the other Hashmi factors, even though it evaluated a couple of them, as in this circumstance, the IJ relied on the fact that the government cursorily opposed a continuance and considered solely the processing time, the fact that he has to wait a while until his number comes up. But I thought that was your main point, that this was like Hashmi because the BIA considered only the delay and not the merit of the request. That's quite so, Judge Dyke, and I was responding, I think, to Judge Barron's question, which may in part have been inspired by the jurisdictional objection the government has raised, which is, where's the error of law? And the error of law is in failing to consider all of the factors together. Obviously, those factors are not exhaustive, nothing prevents the agency from considering other factors, but at the very least, they have to consider the ones that Hashmi and this Court have identified as required, and the IJ and the Board refuse to do that. So we think that's another basis for a remand, so that they can do the proper analysis using all of the Hashmi factors, which they haven't done to this point. Any further questions? Thank you, Councillor. Just one last, on that one point, the last point you ended on, in terms of what is requiring consideration of the merits, are you saying that the statute itself requires that? Are you saying that there's the BIA, insofar as they didn't do it here, was disregarding its own precedent? Is it that there's an AG decision that requires it so the BIA is not free to do otherwise? I'm just wondering, given that the BIA is the one who acted here. Yeah, it's a combination of the latter two, Your Honour. That Hashmi, which is a binding decision of the Board, there's no suggestion that it's been overruled and the Board needs to follow it, and also the AG's decision in LABR reaffirmed the Hashmi factors as the factors that need to be considered, again, not exclusively, but they need to be considered in this context. So I would say there's both an AG decision and precedential Board authority requiring, which has been recognized by this Court, by the way, in Lee v. Barr, as factors that are required to be considered, and if they're not, then the Board is deviating from its settled course of adjudication, which under this Court's decision in Thompson v. Barr qualifies as an error of law. Thank you. Thank you. Thank you, Your Honours. At this time, Mr. Fleming, please mute your audio and your video, and Attorney Pergolizzi, if you could please introduce yourself for the record. Hi again. Good morning, Your Honours. This is Sarah Pergolizzi for the Respondent, and may it please the Court. Your Honours, I'd like to start by addressing the Petitioner's argument that the Government has violated Chenery in arguing that these proceedings remained ongoing, and I would reject that argument because the Board has held, both in 2012 and in its 2020 decision on review today, that the petition was ongoing. In 2012, in granting DHS's motion to remand, the Board held that DHS may amend ongoing proceedings, and in 2020, the Board described I'm sorry. Oh, I just wanted to make sure I wasn't cutting someone off, and in 2020, the Board described DHS's action as lodging of an additional charge of removability in remanded proceedings. Well, what was ongoing before the BIA? During the motion to remand? No, when it was returned or certified to the BIA, what was the purpose of that? Your Honours? Was there an issue that was yet to be decided by the BIA? According to the certification order, which the Petitioner has routinely ignored, the record at page 489, the immigration judge noted that the certification was due to a reverse, that the Board's remand in 2010, which led to the termination order also in 2010, the reversal, the Board's decision remanding then, I'm sorry, the procedural history is complicated, as we all know, was a reversal of the immigration court's order based on a change in law, and so the certification was to check that work with respect to applying a precedential Board decision that had been issued intervening between the immigration judge's termination order and the Board's remand to apply that, the Board's remand, sorry, there are so many, I want to make sure that I'm being as clear as possible, so I'm going to pull up my timeline here, but the Board remands the second time around in this case so that the immigration judge can reconsider removability. The immigration judge continues to find removability sustained, and then the Board remands again, asking the immigration judge to apply a new precedential Board decision, matter of Guerrero Garcia Madruga, which regarded the legal elements of an aggravated felony theft offense and whether it required consensual, non-consensual taking. In the immigration judge's termination order, for the first time, the immigration judge applies that new precedential Board decision. As we know, criminal grounds for removability are complex, and so that is a justifiable basis for certification back to the Board. But if the government didn't disagree with the IJ by virtue of filing an appeal, I still don't understand what the BIA was expected to do. The DHS was not provided an opportunity to appeal. The immigration judge's termination order did not include appeal rights, and the immigration judge issued its decision terminating, and then the very next day certified the case to the Board, and so the Board retained upon that service of certification of the case back to it, and DHS acted promptly within the appeal window to do the only thing that it could do at that point, which was move the Board, which had control of the case, to ream in proceedings so that it could lodge an additional charge of removability. What was the purpose of the certification to the Board? I mean, you cite this order at 480 times. It's not clear to me what's going on. This doesn't seem to be certification as described in the regulations. It seems to be certification for a different purpose. So long as the path is clear, the certification order doesn't require any sort of magic words or reference to the regulation itself, and the way I read these decisions connected to each other, it is clear that the immigration judge is making sure that her legal determinations about this aggravated felony theft offense are in keeping with the Board's reasons for remanding the case in the first place to apply that precedential decision. What about the notice requirements? For the notice requirements, in that exact document, both parties were served by mail that certification, so the notice was complete. Five minutes remaining. The notice, what was described as the issue to be reviewed? Again, the notice is one page, and it's a couple lines, and the only thing discussed is a change in law, but the path is clear because the Board, in remanding the case before that termination order, was this change in law about aggravated theft offenses and whether or not non-consensual taking is required as an element, and that is the precise reason why the immigration judge, upon reconsideration, found that the charges were not sustained. The order talks about setting a briefing schedule. Briefing schedule about what? Again, I cannot read the mind of this immigration judge, but I presume that it is about this change in law and this decision about removability and that the charges now are not sustained. I understand... Oh, sorry. Go ahead. No, go ahead. Go ahead. I just want to briefly say, of course, I understand that this immigration certification order is not the model of clarity, but it does do the work required to put the case before the Board, which by the regulation, as my colleague pointed out, by regulation then must decide to take the case on certification or decline certification, and so upon the service of this order, jurisdiction rested with the Board and DHS did the procedurally proper thing that was available to it at that moment. Can you just address the Chenery point? Yes. I thought I already did, but I'll clarify again. My point is that the Board has always held that this case remained ongoing, and the two different aspects to it that I want you to address, you're saying that it was lawful for it to treat it as ongoing because there was a proper certification. Do the Board ever still hold? The way the Board describes this case and what DHS is doing, Your Honor, yes, can be read to say that the Board is considering this case ongoing in both of its decisions that are relevant to this question. You just used the same phrase that was concerning me, which is that you're saying it treated as ongoing. Clearly it did. The challenge is whether it was lawful to so treat. You've given a reason why it would be lawful to treat it that way. Did the Board endorse that reason for treating it as a lawful ongoing proceeding? Not explicitly, Your Honor. So why isn't that a Chenery problem? If there's a dispute over whether this was a lawful ongoing proceeding, and you can see that the Board never directly addressed whether it was or why, wouldn't the natural thing under Chenery be to vacate on that issue so the Board can address that question? Or is there some reason why we wouldn't do that? Again, I would argue that this falls under that exception that the path is reasonably clear. It is clear that the Board made this finding implicitly, at the very least, in the way that it treated these proceedings. But if the Court decides that this issue requires clarification, then absolutely, remand for that question is appropriate. The regulations are not crystal clear about the effect of a termination order and whether it's final or not, and the effects of certification on if this Court finds that those issues need. If those issues need, then that's sort of what happened in the Sixth Circuit case, where they decided that they weren't sure about the finality question since the beginning, but they first addressed the predicate argument, which was whether race judicata applied. You're not telling us that there is no race judicata applicable here. So you would just be saying, if we have doubts about that, we should just vacate? My argument is that that issue is premature here more than it was in that Sixth Circuit case, Your Honor. In that Sixth Circuit case, there was a termination and two notices to appear. If we are unclear about the finality question here, your position is that the right thing for us to do is to vacate without addressing the race judicata issue at all, because it just never arises in the case. If there's two proceedings, then you're conceding that that could only be the case because there was an error under the regs, and if there's one proceeding, there's no race judicata issue to address. Is that the basic idea? Essentially, I think I understand what you're saying, Your Honor, and I hope that I'm also being clear in my response and addressing what you're saying. Yes, I'm saying that, really, just don't get to the race judicata problem here, and even if we were to, even if these were more clearly two proceedings, the court should follow the course of the Sixth Circuit in that, even if this termination order were final, it's not clear whether it's without prejudice or not, and that affects also whether race judicata principles apply. Go ahead. Does the government agree that race judicata applies and that the Sixth Circuit decision was correct in that respect? It's not necessary to decide on this case, and again, it really hasn't come up in these proceedings yet, Your Honor. Can I understand why that is? Because there's a couple of reasons why that might be. One is you just would rather wait, okay? That's a possibility that's a little bit odd, because we've got a petitioner who'd like a resolution of that question. A different argument for that is that race judicata simply cannot arise in this context, because if there are two proceedings, it's because there was a violation of the regs, so you can't have the second proceeding, and if there's one proceeding, because it was a valid use of the certification process, there is no race judicata argument to be made because it's one proceeding. That's a very different argument than you'd rather us just wait and not decide it. Yes, I think that second part is more in line with what our argument is, Your Honor. It's essentially that race judicata principles, the regulations aren't even really clear about the effect of a termination order, and even still, the court, the board hasn't gotten there yet in this case, and the court should remand if they want those questions answered by the adjudicating body that is. Can I ask you a question about the continuation issue? Of course, please. When I read the BIA decision here, it sounds a lot like the decision reviewed by the Third Circuit at Hashim, in the sense that it appears to rest solely on the ground that it will take quite a while for the adjustment status to occur, and Hashim court, as I read it, said that was error. Why isn't the same error present here? In this case, the immigration judge cited correctly the standards set forth under Hashim, listing all the factors that it must consider, and did consider the ones where there was evidence to consider in this case. While the petitioner argues that a lot of the positive equity factors were not considered, with respect to... Time has expired. May I finish my sentence? Please, please. Thank you, Your Honor. While the petitioner has argued these equities are not considered, the petitioner presented no factual evidence of those equities, and so... That's not my question. My question is that the BIA seemed to rest exclusively on the delay that would occur to achieve the adjustment of status, and if I read Hashim correctly, that factor is not a permissible factor standing alone. So, isn't this just like Hashim in that respect? Excuse me. If the court determines that that is the only thing that the board did, then that would be a remandable error, but our position is that the immigration judge did consider the factors in totality, and that the board, in affirming that decision, that that decision can inform the board's reasoning. And again, that here, the record is void of any evidence about that ultimate eligibility for either the waiver or the adjustment of status application. All right. Any additional questions? I just have one further question. This has been going on for quite a long time, and you're now suggesting that there's two more grounds to remand on, which would mean that there's potential that it could go on for years more with no resolution. Has the government given any thought as to whether it makes sense to continue to pursue this? Are you telling us that there are potential remandable errors, even at this late stage, when the equities, if one just looks at it, are hardly incredibly compelling for denouncing the relief or the time to seek the adjustment of status? I'm just a little curious why the government is committed to the pursuit of this case, even if it meant remand and then future appeals that would take this, what was it, it was a offense that occurred 20 years ago and a notice of removal that itself is almost 15 years old. I absolutely understand your concerns, Your Honor. At this point in the proceedings, this case has weathered multiple administrations with multiple enforcement priority decisions, and I personally don't have the authority to make that prosecutorial discretion choice, but if this case were remanded back to the agency, then DHS would have that authority now to reconsider this case as a matter of their prosecutorial discretion. Just for the record, I just want the government to know that I share Judge Barron's concerns. It doesn't, I mean, of all the cases that we see, this one, from a practical point of view, just doesn't make that much sense. And I completely understand and think that those concerns are valid, Your Honors. Have you thought about going in, in the event that there was a remand, have you thought about going into the camp process through, that we have in the first circuit, some way of settling this? I just don't fully understand why this would make sense to keep taking up court time. I certainly, if the case is remanded, can talk with DHS about this case, but again, at this point in the process, there aren't, there were reasons to defend this decision, and again, discussion will be more in the hands of the agency that gets to wield it, if this case were remanded. All right, any additional questions? Thank you, Counselor. Thank you, Your Honors. That concludes argument in this case. Attorney Fleming and Attorney Pargolizzi, you should disconnect from the hearing at this time. Didn't Counselor reserve two minutes? You're right, Judge, I apologize. That's okay. One moment. Thank you, I apologize, Mr. Fleming. Could you please introduce yourself back on the record? Thank you, Your Honor. Mark Fleming on behalf of the petitioner. I'd just make three points, if I may. Not two months ago, the Supreme Court decided a case called Mies-Chavez, in which it said, rarely do agencies afford individuals the same latitude in completing forms that the government seeks for itself today. If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them. One page and a couple of lines in Ms. Pargolizzi's phrasing is not enough to satisfy the regulatory requirements of certification. The court should not be trying to excuse the IJs or the BIAs failure to follow the regulatory procedures expressly, particularly in this Chenery-governed case. If there's any doubt, the right result is to remand, just as the Sixth Circuit did in Tsvangiri. Contrary to what government counsel said, the res judicata issue has come up. The BIA relied on it as its sole ground of decision. On page four of the addendum, page two of its opinion, I directed Your Honors to the passage in my opening presentation. The government, try as it might, cannot avoid that legal error. It is the sole basis of the decision under review. Under Chenery, that is the basis that this court is reviewing and it is not being defended. Judge Thompson, what was the purpose of the return of the record to the BIA? There was none, as is indicated by the fact that if you look at page 489, which we have not ignored throughout this case, the judge had to alter the pre-printed wording of the form because it didn't fit this case. This was a situation where there was no check the work. Nobody had appealed it. The board had previously remanded for application of the change of the intervening precedent. There was no question for review identified for further appeal. The government never suggested that it wanted that question reviewed. In fact, when it got back up to the BIA, there was no review of that question. The notion that the order doesn't include appeal rights I think is nonsense, quite frankly. The regulations always permit the government or the petitioner to appeal. The point is there was no appeal because the decision that the immigration judge had issued. We submit that to the extent the court wants to evaluate the administrative return of the record or the purported certification that even the BIA did not rely on in this case, we don't think there's a basis for finding a valid certification. Finally, of course, we would welcome any effort to discuss this matter with the government, whether through CAMP or other means, in order to come up with some kind of resolution. As your honors have pointed out, Mr. Graham has been waiting many years for a resolution of this matter, 10 years of which we would submit have been through an improperly precluded second proceeding against him. I thank the court very much for its indulgence and for hearing us this morning. Thank you. Any other questions, gentlemen? Okay, thank you. Judge Thompson, could we take just a two-minute recess? Yes, I would enjoy that. That concludes argument in this case. Attorney Fleming and Attorney Percolese, you should disconnect from the hearing at this time.